# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| TERRANCE BROWN | CIVIL ACTION NO. 3:15-cv-2558 |
|     LA. DOC #300087 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| JAMES LeBLANC, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Pro se plaintiff Terrance Brown, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 21, 2015. Plaintiff is a resident of Jefferson Parish, Louisiana, however he complains that he was injured while he was an inmate in the custody of the Department of Corrections (DOC) employed in a work-release program at the Jackson Parish Correctional Center (JPCC) on December 11, 2014. He also claims that he was thereafter denied prompt and appropriate medical care. He sued DOC Secretary James LeBlanc, JPCC Warden Tim Ducote, Jackson Parish Sheriff Andy Brown, and the Hixson Lumber Co. He prayed for declaratory judgment and compensatory and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Statement of the Case*

On December 11, 2014, plaintiff was a DOC inmate confined at JPCC. He participated in the JPCC's work-release program and was employed as a "stacker" at the Hixson Lumber Sale of

Louisiana, Inc. On that date he was stacking wood when a falling board struck him in the face. He claimed that "everything went gray and black and he could not immediately get up." He was unable to return to work. He requested medical care from "Chris" but was told only Burt could authorize care and he was not at the site.

Upon returning to JPCC that afternoon he talked to a deputy who advised that he could do nothing to help him. On the following morning plaintiff awoke but could not return to work because he had a headache and back pain. He made sick call but obtained no relief. On December 13, 2014, he returned to his work-release job even though he remained in pain. On December 15 plaintiff's supervisor advised that he would contact Mrs. Jones, the supervisor of the JPCC work-release program, and request attention on plaintiff's behalf.

Plaintiff was advised that he would be taken to a physician. Later Mrs. Jones interviewed plaintiff and asked whether an accident report had been prepared.  On December 16, 2014, plaintiff returned to light duty.  On December 17, 2014, plaintiff sent an Administrative Remedies Procedure grievance to the DOC headquarters seeking medical attention.

On December 20, 2014, plaintiff discovered that the inmate operating the machinery which caused plaintiff's injury tested positive for drug use.

On December 23, 2014, plaintiff was summoned to the infirmary where his blood pressure was tested. According to plaintiff the results were 187/86 and he apparently attributed this result to the accident and the failure to provide medical care. Elsewhere, plaintiff alleged that he finally received blood pressure medication from defendant Brown on December 30, 2014, but the medication provided no relief for his pain.

In his complaint he alleged "Now that I'm home from the work release program I am

2

getting treatment I need from a Mental Health Center. It's still hard trying to adjust with the complications that I'm still having after the accident."

Plaintiff further claimed that the defendants' failure to provide medical care has caused him to seek mental and medical attention since his release.  Plaintiff is now receiving counseling for depression, and unspecified treatment for vertigo, anxiety, memory loss, dizziness, blurred vision, head ache and neck pain.

Plaintiff concluded his pleading by alleging, "Had prison officials and Hixson Lumber provided a standard of care for prisoners working [for] them, like others from the streets, he would not be in such condition if treated in a timely manner."

Plaintiff provided copies of the grievances he filed with respect to this incident, specifically,

1. Sick Call Request Form dated December 11, 2014, stating "I was hit in the head by 3 2 by 6 at work. I would like to get me head and neck checked out." [Doc. 1-2, p. 2]

2. Administrative Remedy Procedure dated December 13, 2014 complaining that on December 11, 2014, plaintiff was slapped in the face by three pieces of wood; thereafter he claimed that he was hit in his head. He claimed that he did not work on the following day and filed a sick call to see the nurse, but his sick call was ignored. He concluded the grievance by stating that he was experiencing pain in his head, neck, and back and requested "to see a real doctor." [Doc. 1-2, pp. 3-4]

3. Sick Call Request Form dated December 14, 2014, stating, "I have a head injury and would like to see a doctor, get any kind of treatment." [Doc. 1-2, p. 5]

4. Administrative Remedy Procedure First Step submitted to DOC Headquarters and

dated December 17, 2014, in which he claimed that he was injured on December 11 and "talked to Mr. Burt and Ms. Jones about my injury but still no help." He requested an opportunity to see a doctor and get proper treatment. [Doc. 1-2, p. 6]

5. Administrative Remedy Procedure Request dated December 28, 2014, and complaining of an incident that occurred on November 11. Plaintiff complained that he sent sick call forms but received no response. He also noted, "The Doctor did give me pressure medication but it's not my pressure that is giving me a problem." [Doc.1-2, p. 7]

6. Second Step Administrative Remedy Procedure directed to DOC Headquarters dated January 24, 2015. Therein he advised that he was hit in the head on December 11, 2014, and continues to have "symptoms of a concussion." He claims he was not taken to a doctor but that 5 days later he was seen by a nurse who was unable "to help me with my injury or my pain." He requested the DOC to provide medical attention. [Doc. 1-2, p. 8]

***Law and Analysis***

***1. Screening***

Plaintiff has been permitted  to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915.  This complaint is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted IFP status. The statute provides in relevant parts a follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

> Section 1915(e)(2)(B) applies equally to prisoner as well as non-prisoner *in forma*

4

*pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); see also *Benson v. O'Brian*, 179 F.3d 1014, (6th Cir.1999) (complaints in actions not pursued *in forma pauperis* are not subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998) (same).

Section  1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 2. *"State Actor" and Exclusive Remedy*

Plaintiff, invoking the jurisdiction of this Court pursuant to the provisions of 42 U.S.C. §1983, sued his work-release employer, the Hixson Lumber Company. "In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978).

5

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may be fairly described as a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff has sued his work-release employer; however, it is unclear whether this defendant may be considered a "state actor."  Further, even assuming that this defendant is a  "state actor," plaintiff has alleged no facts to establish liability pursuant to §1983 insofar as he has alleged no violation of the Constitution and laws of the United States with regard to this defendant.

On the other hand, inmates who participate in Work-Release programs are not deemed to be employees of the state, but are considered the employees of their private employer and are entitled to workers' compensation benefits. See *Rogers v. Louisiana Dept. of Corrections*, 2008-43,000 (La.App. 2 Cir. 4/30/08), 982 So.2d 252, 256, *writ denied*,  2008-1178 (La. 9/19/2008), 992 So.2d 931.  Under Louisiana law, worker's compensation provides the exclusive remedy for employees, such as plaintiff, who were injured in the course of employment. *Harris v. Wal-Mart Stores, Inc.*, 205 F.3d 847 (5th Cir. 2000); see also La. R.S.23:1031; La. R.S.23:1032(A)(1)(a). Nevertheless, to the extent that plaintiff seeks "workers compensation" in this action, he is not entitled to such relief in this forum. He must pursue such claims as provided under Louisiana law. See La. R.S.23:1031 *et seq*. In short, plaintiff's claims against Hixson must be dismissed for failing to state a claim for which relief may be granted.

### 3. *Medical Care*

Plaintiff has also sued DOC Secretary LeBlanc, Warden Ducote, and Sheriff Brown. These defendants are indeed "state actors" for Section 1983 purposes. Plaintiff was an inmate in the custody of the DOC when the acts and omissions complained about occurred.

He complains that these defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed or refused to provide him appropriate medical care and treatment after he sustained his on-the-job head injury.

The constitutional right of a convicted prisoner to appropriate medical care is indeed based upon the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to establish an actionable  violation of the Eighth Amendment,  the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety.  *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted).

It is manifestly obvious that plaintiff simply disagrees with the treatment decisions of the health care professionals – a prison nurse and an unnamed physician –  who were responsible for his care and treatment.  Plaintiff admits, and the evidence supports, that he was examined on at least one occasion following the accident by a nurse and a physician.  Both apparently concluded that his head injury was not serious and both apparently attributed his head aches to high blood

7

pressure and provided medication to treat that condition. Plaintiff disagrees with the conclusions and treatment options offered by these health care professionals; however, his disagreement with the health care professionals' diagnosis or treatment choices falls far short of establishing deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

In any event, in order to allege a violation of the Eighth Amendment plaintiff must not only demonstrate deliberate indifference on the part of the defendants, but he must also demonstrate  that the deliberate indifference resulted in substantial harm.  *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).  Plaintiff claims that he is receiving treatment now that he has been released from custody. However, he does not offer an description of the treatment he is now receiving and has further offered no proof to establish that his present condition is in any way related to the failure of the defendants to provide unspecified treatment at an earlier date. In other words, his medical care complaint fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, December 14, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**